# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

LEONARDO COMESANAS,

    Plaintiff,

v.                                  Case No. 5:18-cv-268-TKW/MJF

JULIE L. JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Leonardo Comesanas, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 21). The undersigned recommends that Comesanas's claim against Defendant Julie L. Jones be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted, and that the claims against the remaining two Defendants be remanded to the undersigned for further proceedings.[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I.   **Background and Procedural History**

Comesanas is an inmate of the Florida Department of Corrections (FDC) currently confined at Avon Park Correctional Institution. (Doc. 21). Comesanas was confined at Gulf Correctional Institution (Gulf CI) at the time of the events giving rise to this lawsuit. Comesanas is suing three officials with the FDC: former Secretary Julie L. Jones, Gulf CI Captain Shield, and Gulf CI Officer Michael Pell. (Doc. 21 at 1-2).

Comesanas claims the Defendants violated his constitutional rights on July 7, 2016, when Captain Shield and Officer Pell told other inmates that Comesanas was an informer concerning: (1) a planned attack on Pell; and (2) two inmates' possession of drugs (6 grams of K-2). (Doc. 21 at 7-8). Comesanas alleges that he has never been an informer, another inmate informed Pell of the impending attack on him, when Pell was informed of the planned attack and asked Comesanas about it, Comesanas did not reveal any information, and Shield and Pell identified Comesanas as the informer to make him the scapegoat. (*Id*. at 5-8). On July 7, 2010, purportedly as a result of Shield and Pell identifying Comesanas as the informer, an unidentified inmate attacked Comesanas. (*Id*. at 6-7). The attack left Comesanas with a permanent scar on his face which, according to Comesanas, "marks" him as an

informer. (*Id*. at 5-8). Comesanas seeks $1 million in compensatory damages for his physical and emotional injuries. (*Id*. at 10).

## II. Screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A

Because Comesanas is a prisoner and is proceeding *in forma pauperis*, the court is required to review his third amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

## III. Discussion

A claim under 42 U.S.C. § 1983 has two elements:

> 1. the conduct complained of was committed by a person acting under color of state law; and
>
> 2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Although Comesanas does not identify what Constitutional rights the Defendants purportedly violated, the undersigned construes his allegations as asserting a claim under the Eighth Amendment, specifically, that the Defendants deliberately exposed him to a substantial risk of serious harm by identifying him as an informer.[2] *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."); *Farmer v.*

---

[2] Whether or not Shield and Pell were lying or being truthful when they told inmates Comesanas was the informer is of no consequence, as either way it exposed Comesanas to a substantial risk of serious harm by other inmates. "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted).

*Brennan*, 511 U.S. 825, 828 (1994) (holding that a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment").

Comesanas's sole allegation against former Secretary Jones is that after the July 7, 2016, attack, he filed an administrative grievance with the Office of the Secretary, and the grievance was denied. (Doc. 21 at 8). This allegation does not state a plausible Eighth Amendment claim against Jones.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone*, 326 F.3d at 1360 (internal quotation marks omitted). "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047–48 (11th Cir. 2014). The complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional claim against the subordinate. *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013) (holding that in evaluating whether a complaint states a claim under § 1983 against a supervisor for the violation of the plaintiff's constitutional rights, the court must first identify the precise constitutional violation charged, e.g.,

deliberate indifference, and then determine whether the complaint alleges the required elements against the supervisor). "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone*, 326 F.3d at 1360 (alteration in original) (internal quotation marks omitted).

Comesanas does not allege that former Secretary Jones personally participated in the events surrounding the July 7, 2016, attack, or that she knew prior to the attack that there was a substantial risk Comesanas would be attacked. Defendant Jones's only role, according to Comesanas's allegations, involved denying an administrative grievance filed after the fact. Merely denying a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance). Because Comesanas fails to allege facts indicating that former Secretary Jones was directly involved in, or caused, the alleged constitutional

violation, Comesanas's claim against Defendant Jones must be dismissed. *See, e.g., Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017) (dismissing prisoner's claim against supervisors of offending officers; prisoner's allegation that the supervisors denied grievances against their subordinates "was insufficient to establish that the supervisors instigated or encouraged unlawful conduct.").

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claim against Defendant Julie L. Jones be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. This case be returned to the undersigned for further proceedings on Plaintiff's claims against Defendants Shield and Pell.

At Panama City, Florida, this <u>11th</u> day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**