# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LEONARDO COMESANAS,**

     **Plaintiff,**

**v.**                                  **Case No. 5:18cv268-TKW-MJF**

**MICHAEL PELT, et al.,**

     **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 61), Plaintiff's objections (Doc. 62), and Defendant Childs' response to the objections (Doc. 63). The Court reviewed the issues raised in the objections de novo pursuant to Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to exhaust his administrative remedies.

The Court did not overlook Plaintiff's claim that he was given the wrong grievance forms and bad advice by inmate law clerks. This claim conflicts with what Plaintiff previously told the magistrate judge, but even if it didn't (and even if it was true), it would not excuse Plaintiff's failure to exhaust his administrative remedies because (1) Plaintiff asserted in his objections that he knew from the outset that he

was not following the correct process, *see* Doc. 62, ,at 2, and (2) ineffective assistance of an inmate law clerk is not a recognized legal defense, *see, e.g., Veira v. Sec'y, Dep't of Corr.*, 2017 WL 11404380, at *4 (M.D. Fla. Aug. 9, 2017) (explaining that ignorance of the law or procedures, or the ineffective assistance of an inmate law clerk are not considered extraordinary circumstances that would excuse an untimely filing); *Ewell v. Fla.*, 2009 WL 2982875, at *3 (N.D. Fla. Sept. 16, 2009) ("Following the advice of a prisoner law clerk is not 'cause' for [inmate's] fail[ure] to exhaust his available state court remedies.") (citing *Whiddon v. Dugger,* 894 F.2d 1266, 1267 (11th Cir .)); *Hosie v. Massey*, 105 F.R.D. 426, 428 (N.D. Fla. 1984) (rejecting inmate's attempt to "pass the blame off on his 'jail house lawyer'").

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation is adopted and incorporated by reference in this Order.

2. Defendant Childs' motion to dismiss (Doc. 56) is **GRANTED**.

3. This case is **DISMISSED with prejudice** based on Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).

4. The Clerk shall close the case file.

**DONE and ORDERED** this 12th day of April, 2021.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**